# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 13-3573-cv

**Caption [use short title]**

**Motion for:** file amicus brief

In Re Autohop Litigation

Set forth below precise, complete statement of relief sought:

Unopposed motion for leave to file amicus brief and for leave to file out of time

**MOVING PARTY:** Cablevision Systems Corp.
**OPPOSING PARTY:** DISH Network LLC

☐ Plaintiff ☐ Defendant
☐ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Jeffrey A. Lamken
**OPPOSING ATTORNEY:** Joshua Rosenkranz

[name of attorney, with firm, address, phone number and e-mail]

MoloLamken LLP
600 New Hampshire Ave., NW
Washington D.C. 20037
(202) 556-2010 / jlamken@mololamken.com

Orrick, Herrington & Sutcliffe, LLP
51 W. 52nd St.
New York, NY 10019
(212) 506-5000, jrosenkranz@orrick.com

**Court-Judge/Agency appealed from:** SDNY (Swain, J.)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):

Opposing counsel's position on motion:
☑ Unopposed ☐ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☑ No ☐ Don't Know

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date:

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this Court? ☐ Yes ☐ No
Requested return date and explanation of emergency:

**Signature of Moving Attorney:**
/s/ Jeffrey A. Lamken    **Date:** 12/6/2013    Service by: ☑ CM/ECF ☐ Other [Attach proof of service]

---

## ORDER

**IT IS HEREBY ORDERED THAT** the motion is **GRANTED DENIED**.

**FOR THE COURT:**
CATHERINE O'HAGAN WOLFE, Clerk of Court

Date: _____    By: _____

**Form T-1080** (rev. 7-12)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | |
|---|---|
| IN RE AUTOHOP LITIGATION <br> ──────────────── <br> DISH NETWORK L.L.C., <br>     *Plaintiff-Consolidated Defendant-Counter Defendant-Appellee*, <br> v. <br> AMERICAN BROADCASTING COMPANIES, INC., ABC, INC., DISNEY ENTERPRISES, INC., <br>     *Defendants-Counter Claimants-Appellants*, <br> THE ABC ENTERTAINMENT GROUP, INC., ABC TELEVISION HOLDINGS, INC., ABC CABLE NETWORK SERVICES, L.L.C., <br>     *Defendants*, <br> CBS CORPORATION, NBC UNIVERSAL MEDIA, L.L.C., SURVIVOR PRODUCTIONS LLC, CBS STUDIOS INC., <br>     *Defendants-Counter-Claimants*, <br> CBS BROADCASTING INC., <br>     *Counter-Claimant*, <br> ECHOSTAR TECHNOLOGIES, L.L.C., <br>     *Counter-Defendant.* | No. 13-3573-cv |

## CABLEVISION SYSTEMS CORPORATION'S UNOPPOSED MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

Cablevision Systems Corporation respectfully moves for leave to file the attached brief as *amicus curiae* in support of appellants in this case, and for leave to file the brief out of time. All parties consent to this motion.

Cablevision Systems Corporation provides cable television service in the New York metropolitan area and elsewhere. Pursuant to license agreements with television networks and other content providers, it distributes copyrighted materials over its cable system. Cablevision also developed the Remote Storage Digital Video Recorder ("RS-DVR") that this Court upheld against a copyright challenge in *Cartoon Network LP v. CSC Holdings, Inc.*, 536 F.3d 121 (2d Cir. 2008), *cert. denied*, 129 S. Ct. 2890 (2009) ("*Cablevision*").

Cablevision has a strong interest in this case. The district court relied squarely on this Court's *Cablevision* decision in upholding the lawfulness of Dish's PrimeTime Anytime ("PTAT") feature. Because Cablevision currently operates the system this Court upheld, it has a direct interest in the proper interpretation of that decision. Moreover, this case implicates a complex marketplace with rapidly evolving technologies. Cablevision both provides cutting-edge technologies that subscribers use to make fair-use copies and pays license fees to copyright holders to distribute content over its cable system. For that reason, Cablevision has a unique—and uniquely balanced—perspective.

As Cablevision's proposed amicus brief explains, the district court correctly ruled that, by offering PrimeTime Anytime, Dish does not engage in any volitional conduct sufficient to make it a direct infringer. On the other hand, the court erred in rejecting ABC's secondary liability claim. ABC has made strong showings that

subscribers have no fair use right to engage in indiscriminate mass copying of all prime-time programming and then automatically skip commercials upon playback, and that Dish is secondarily liable for that infringement. Cablevision's proposed amicus brief thus provides an important, balanced perspective on the key issues in the case.

Moreover, good cause exists for filing the brief at this time. Appellants filed their opening brief on November 12, 2013, and then filed a replacement version on November 20. Cablevision's amicus brief ordinarily would have been due seven days after the original brief was filed, *i.e.*, on November 19. Cablevision, however, did not learn that appellants had filed their brief until November 20, when a media report commented on the replacement filing. So far as we can determine, it does not appear that there were any media reports on the original filing before that date. Nor was Cablevision previously aware of the expedited briefing schedule this Court had entered. As a result, Cablevision only recently learned of the filing of appellants' brief. For that reason, good cause exists for permitting Cablevision to file its proposed amicus brief at this time.

The modest extension of the deadline that Cablevision seeks will not prejudice either the parties or the Court. Both parties have consented to the filing of the brief and to Cablevision's motion to file the brief at this time. Moreover, under this Court's scheduling order, the appellee's brief is not due until January 17, 2014,

over a month away. Consequently, appellee still has ample time to respond to the arguments in the amicus brief, and the filing will not interfere with this Court's consideration of the case in any way. To the contrary, the brief will aid this Court's decision by providing a balanced perspective on important issues with potentially far-reaching implications.

Accordingly, Cablevision respectfully requests that its motion be granted and that the attached amicus brief be filed.

Dated: December 6, 2013                    Respectfully submitted,

                                            /s/ Jeffrey A. Lamken
                                            Jeffrey A. Lamken
                                            Robert K. Kry
                                            MOLOLAMKEN LLP
                                            The Watergate, Suite 660
                                            600 New Hampshire Avenue, N.W.
                                            Washington, D.C. 20037
                                            (202) 556-2000

                                            *Counsel for Movant*